IN THE MATTER OF FRANCES E. SCOTT, deceased.

*New Castle, July 1, 1949.*

Thomas Herlihy, Jr., for Edgar A. Starling, administrator of estate of Frances E. Scott, deceased.

*A. James Gallo,* for claimant Lillian C. Williams.

*Louis L. Redding,* for claimant Sarah E. Monk.

SEITZ, Vice Chancellor. In order to distribute certain intestate property, I must determine whether a certain claimant can demonstrate a blood relationship to the intestate.

The intestate, Frances E. Scott, died February 21, 1947. Her administrator filed his final account with the Register of Wills showing a distributive balance of $4740.96 in cash. Thereafter, pursuant to the provisions of *Paragraph* 3857 of the *Revised Code of Delaware,* 1935, the administrator deposited the fund to the credit of this court and was discharged from further liability with respect to such money. The statute authorizes such a procedure where the administrator is unable to ascertain the persons entitled to the fund, or the shares to which such persons are entitled. Pursuant to the order of this court and in accordance with the authority contained in the cited statute the persons then known to have some possible interest in the fund were directed to appear and to file petitions setting forth their claims. Notice by advertisement was given to any other persons claiming such money.

Thereafter the matter came on for hearing before the court on two petitions setting forth conflicting claims to the fund. This is the decision on the petitions.

One petition was filed by Lillian Collard Williams, who alleges that she is the daughter of John Nelson Collard, deceased. She further alleges that John Nelson Collard was a cousin of the intestate Frances E. Scott. At the hearing it was brought out that the petitioner Williams also had two brothers whose present whereabouts are unknown, but who are concededly in the same legal position as the petitioner Williams. It was also brought out that John Nelson Collard had a deceased brother, George H. Collard, who has two living children. There was also a suggestion of additional similar interests. Since the petition and order directing the parties in interest to file claims had been served on the known parties in interest, and had been duly published in a newspaper of general circulation, and since there was substantial representation of the so-called Collard interest by virtue of the petitioner Williams' active participation in the trial, I deem it unnecessary to make further efforts to bring the petitioner's brothers and cousins into court before deciding the case.

Petitioner Williams contends that she and her brothers are entitled to whatever share in the estate of Frances E. Scott that their father, John Nelson Collard, would have been entitled to at the time of his decease on February 27, 1949.

The petitioner Sarah E. Monk alleges that her maternal grandmother and the maternal grandmother of the intestate were sisters, and that she is, therefore, a cousin. She further alleges that she is the only next of kin. As hereinafter indicated, the record, though inadequate, casts doubt on this last allegation.

The petitioner Monk contends that the intestate was the illegitimate daughter of Amelia Green; that several years subsequent to the intestate's birth her mother (Amelia Green) married one Edward F. Scott, but that Edward F. Scott was in no way related to the intestate; that

the petitioner Williams is actually related only to Edward F. Scott, since her father was Edward F. Scott's cousin.

I shall attempt to construct chronologically the history of the relationship of the intestate to the claimants based on what I consider to be the credible evidence.

The intestate was a teacher in the Wilmington public schools for many years. In connection with the assembling of board of education material in 1930, the intestate gave as the date of her birth November 8, 1878, and gave Baltimore, Maryland, as the place of her birth. No place on the information form called for the names of her father and mother. It showed that she graduated from the so-called old Howard High School in June, 1895, and after taking a short training course, she commenced teaching in 1896. Based on the credible evidence, I find that the intestate's mother, Amelia Scott, nee Green, was either 17 or 18 years of age when the intestate was born. Thus, it is not unreasonable to accept the intestate's own written declaration given to the board of education that she was born November 8, 1878.

The intestate's mother married Edward F. Scott in Wilmington, Delaware, on August 7, 1884, and the intestate's mother's marriage to Edward F. Scott was her first marriage. These facts appear from the marriage certificate itself.

It is thus quite clear that the intestate's mother was a single woman at the time of the intestate's birth. All parties concede that Amelia Scott, nee Green, was the mother of the intestate.

As I read the record, the petitioner Williams does not contend that Edward Scott was the father of the intestate. She contends that her father, John Nelson Collard, was related by blood to Amelia Scott, the intestate's mother. The basis for this contention is apparently premised on the fact that on occasion the intestate referred to the petitioner Williams and her father, John Nelson Collard, as "cousins".

This is an understandable non-legal use of the word "cousin" since Edward Scott, the husband of the intestate's mother, was a cousin to the petitioner and her father. Moreover, I accept as true the testimony that at a date prior to the death of the petitioner's father, he in the petitioner's presence told the administrator that he was Edward Scott's cousin. No evidence was offered as to the identity of the common kin through whom the alleged relationship of petitioner's father to Amelia Scott could be traced. The credible evidence fails to show that the intestate was a blood relative to John Nelson Collard, unless Edward Scott was the father of the intestate. Even then none of the property passes to the father's heirs unless they come within the qualifications contained in certain provisions of *Paragraph* 3573 of the *Revised Code of Delaware,* 1935, which provides:

"Descent from Illegitimate Person:—A child conceived out of wedlock shall be legitimate if the parents shall intermarry before the birth of the child or if they shall intermarry after adjudication or acknowledgment of parentage after the birth of the child, or upon acknowledgment of the paternity made in writing by the parents, if both be living or by the father if the mother be not living and filed in the Prothonotary's office of any County of the State. Any child legitimated solely by such acknowledgment shall not inherit from the father under the inheritance laws of this State. When an illegitimate person dies intestate and without lawful issue, his property, real and personal, if any such there be, shall pass, and belong to the mother, if living, and in case of her death, to her heirs, subject always to the payment of debts and demands against such illegitimate person or persons, and to expenses of administration."

There is no evidence to show that the intestate was legitimatized by any such action subsequently taken; nor is adoption here involved. I, therefore, conclude that the intestate was an illegitimate child within the contemplation of *Paragraph* 3573.

The intestate died intestate without lawful issue. The intestate's mother predeceased her so that the property belongs to the mother's heirs.

The intestate's mother had no other children. However,

the record is silent as to the possible existence of more distant relatives, except that it shows at least one other person in possibly the same legal relationship to the intestate's mother as the petitioner Monk. However, I am persuaded that the petitioner Monk is a blood relative of the intestate's mother.

An order will, therefore, be entered determining that the petitioner Williams and those in the same legal position are not entitled to any portion of the intestate's estate. The petitioner Monk may produce further testimony with respect to the status of the blood relatives involved in her claim.

An order accordingly will be entered on notice.